UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| LORI COOK and RICHARD COOK, acting individually and on behalf of their marital community,<br><br>Plaintiffs,<br><br>v.<br><br>HARRISON MEDICAL CENTER, a Washington non-profit corporation,<br><br>Defendant. | CASE NO. C13-5986 BHS<br><br>ORDER DENYING DEFENDANT'S MOTION TO EXCLUDE FRONT PAY DAMAGES |

This matter comes before the Court on Defendant Harrison Medical Center's ("Harrison") motion to exclude front pay damages. Dkt. 48. The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby denies the motion for the reasons stated herein.

## I. PROCEDURAL HISTORY

On November 14, 2013, Plaintiff Lori Cook ("Cook") filed a complaint against Harrison alleging (1) wrongful retaliatory termination in violation of Washington law,

ORDER - 1

1  federal law, and the False Claims Act, 31 U.S.C. 3730(h); and (2) a claim for unpaid and
2  willfully withheld wages.  Dkt. 1.
3        On December 20, 2013, the case was reassigned to Judge Benjamin Settle.  Dkt.
4  13.
5        On March 6, 2015, Harrison filed a motion to exclude front pay damages.  Dkt. 48.
6  On March 11, 2015, Cook filed an opposition to the motion.  Dkt. 49.  Harrison did not
7  file a reply.

## II. FACTUAL BACKGROUND

      On November 7, 2012, Cook was suspended without pay following an investigation into whether Harrison had been misusing software in a way that would overbill Medicare.  Dkt. 25, Ex. 1.  It was determined after the investigation that no fraud was actually committed.  Dkt. 31 at 4.  In March 2013, despite previously receiving pay raises and other praise, Cook was dismissed after the investigation for lack of necessary skill.  *Id.*

      On November 14, 2013, Cook filed a complaint asking for damages in the form of front pay.  Dkt. 1.

> Plaintiff demands damages in an amount to be proven at the time of trial, including reinstatement with the same seniority status that Cook would have had but for the retaliation (or front pay in the alternative), two times the amount of back pay, interest on the back pay . . . .

Cook Complaint, Dkt. 1 at 8.

|   |   |
|---|---|
| 1 | **III. DISCUSSION** |
| 2 | Harrison contests the presentation of front pay damages to the jury because they |
| 3 | were allegedly not sought in Cook's complaint. Dkt. 48 at 1. Harrison claims unfair |
| 4 | prejudice due to Cook's untimely request for front pay damages. |
| 5 | Cook has responded in their opposition that they requested front pay damages in |
| 6 | their complaint. Dkt. 49 at 2. Harrison has not since filed a reply.  The Court has |
| 7 | examined the record and verified that front pay damages were requested in the original |
| 8 | complaint. Dkt. 1 at 8. Harrison's contentions of an untimely damages request and |
| 9 | unfair prejudice are, therefore, unsubstantiated by the facts and arguments. |

### III. DISCUSSION

Harrison contests the presentation of front pay damages to the jury because they were allegedly not sought in Cook's complaint. Dkt. 48 at 1. Harrison claims unfair prejudice due to Cook's untimely request for front pay damages.

Cook has responded in their opposition that they requested front pay damages in their complaint. Dkt. 49 at 2. Harrison has not since filed a reply. The Court has examined the record and verified that front pay damages were requested in the original complaint. Dkt. 1 at 8. Harrison's contentions of an untimely damages request and unfair prejudice are, therefore, unsubstantiated by the facts and arguments.

### IV. ORDER

Therefore, it is hereby **ORDERED** that Harrison's motion to exclude front pay damages (Dkt. 48) is **DENIED.**

Dated this 24th day of March, 2015.

*/s/ Benjamin H. Settle*
BENJAMIN H. SETTLE
United States District Judge