The Honorable Benjamin H. Settle

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON AT TACOMA

| | |
|---|---|
| LORI COOK individually,<br><br>  Plaintiff<br><br>  vs.<br><br>HARRISON MEDICAL CENTER, a Washington Non-Profit Corporation,<br><br>  Defendant | Case No. 3:13-cv-05986<br><br>**PLAINTIFF'S MOTION FOR ATTORNEY FEES AND STATUTORY RELIEF**<br><br>**Hearing Date:  May 22, 2015**<br><br>**REQUEST ORAL ARGUMENT** |

Plaintiff LORI COOK submits this Motion for Attorney Fees and Statutory Relief, and in support states as follows:

### I. Introduction and Relief Requested.

Plaintiff, Lori Cook, moves this Court for an order adjusting the jury's award to include reasonable attorney fees and statutory relief.  For the reasons below, Cook respectfully requests that the Court enter an order granting this Motion for Attorney Fees and Statutory Relief.

### II. Statement of Facts.

On April 3, 2015, the jury returned a verdict in the favor of Lori Cook.  Ms. Cook is the prevailing party and now moves this Court of attorney fees and statutory relief.

PLAINTIFF'S MOTION FOR ATTORNEY FEES &
STATUTORY RELIEF  - 1

FULTON LAW PLLC
601 Union St., Suite 4200
Seattle, Washington  98101
Tel:  (206) 652-3260 – Fax:  (206) 629-2184

### III. Statement of Issue.

Whether the Court should this Court should adjust the jury's award to include reasonable attorney fees and other statutory relief.

### IV. Evidence Relied Upon.

This Motion is based on the Declaration of Robert H. Fulton and Thaddeus P. Martin, the legal authority included in this Motion, and the pleadings and records on file in this action.

### V. Argument and Authority.

**A. ALL RELIEF NECESSARY TO MAKE LORI COOK WHOLE SHOULD BE GRANTED BY STATUTE.**

Pursuant to the False Claims Act, reasonable attorney fees and expenses expended in litigation should be awarded to Lori Cook. 31 U.S. Code § 3730(h) 1& 2:

Relief From Retaliatory Actions.—

(1) In general.— Any employee, contractor, or agent shall be entitled to all relief necessary to make that employee, contractor, or agent whole, if that employee, contractor, or agent is discharged, demoted, suspended, threatened, harassed, or in any other manner discriminated against in the terms and conditions of employment because of lawful acts done by the employee, contractor, agent or associated others in furtherance of an action under this section or other efforts to stop 1 or more violations of this subchapter.

(2) Relief.— Relief under paragraph (1) shall include reinstatement with the same seniority status that employee, contractor, or agent would have had but for the discrimination, 2 times the amount of back pay, interest on the back pay, and compensation for any special damages sustained as a result of the discrimination, including litigation costs and reasonable attorneys' fees…

*Id.*

Accordingly, per statute, Lori Cook respectfully requests that the Court grant the following relief:

**1.     Two times the amount of back pay.  The jury awarded back pay in the amount of $222,547.00.  By statute, this amount must be double to $445,094.00.**

PLAINTIFF'S MOTION FOR ATTORNEY FEES & STATUTORY RELIEF  - 2

FULTON LAW PLLC
601 Union St., Suite 4200
Seattle, Washington  98101
Tel:  (206) 652-3260 – Fax:  (206) 629-2184

**2.     Lori Cook shall be awarded interest on the jury back pay award. As such, she should receive $17,755.00.** *See* Expert Report of Dr. Torelli attached hereto.

**3.     Lori Cook shall be awarded litigation costs comprised of expert fees, travel and lodging, and mediation fees for a total of $8,338.25.** *See* Decl. of Robert H. Fulton.

**4.     Lori Cook shall also be awarded reasonable attorney fees.**

The reasonable hourly rate corresponds to the prevailing market rate in the relevant community considering the experience, skill, and reputation of the attorney in question. *Chalmers v. City of L.A.*, 796 F.2d 1205, 1210 (9th Cir. 1986), amended on other grounds, 808 F.2d 1373 (9th Cir. 1987). In general, in assessing whether the attorneys spent a reasonable number of hours on the litigation, courts may consider, among other factors, the time and labor required, the novelty and difficulty of the questions involved, the skill necessary to perform the legal services properly, time limitations imposed by the client or circumstances, the amount involved and the results obtained, and the experience, reputation, and ability of the attorneys. *LaFarge Conseils et Etudes, S.A. v. Kaiser Cement & Gypsum Corp.*, 791 F.2d 1334, 1341-42 (9th Cir. 1986) (citing *Kerr v. Screen Extra Guild, Inc.*, 526 F.2d 67, 69-70 (9th Cir. 1975)).

Calculation of reasonable attorneys' fees is a two-step process. First, the court computes the "lodestar" figure, which multiplies a reasonable hourly rate by the number of hours reasonably expended in the litigation. Carter v. Caleb Brett LLC, 757 F.3d 866, 868 (9th Cir. 2014). The lodestar amount is presumptively correct. *Mendez v. Cnty. of San Bernadino*, 540 F.3d 1109, 1129 (9th Cir. 2008). Second, and despite the presumption, the court may modify the lodestar amount. Carter, 757 F.3d at 869 (citing *Quesada v. Thomason*, 850 F.2d 537, 539 (9th Cir 1988) for the relevant factors, as first articulated in *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67 (9th Cir. 1975)). One of these key factors is the existence of a contingency fee agreement. *Id*. For example, under § 1988 and EAJA, the actual fee agreement does not act as a

cap on the amount of statutory attorney fees awarded. See *Blanchard v. Bergeron*, 489 U.S. 87, 93–94, 109 S.Ct. 939, 103 L.Ed.2d 67 (1989); and *Corder v. Gates*, 947 F.2d 374, 377–78 (9th Cir.1991).  Moreover, the risk of not recovering any attorney's fees, is a proper basis on which a district court may award an upward adjustment to an otherwise compensatory fee.  See *Blum v. Stenson*, 465 U.S. 886, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984).

Furthermore, It is not possible or necessary to segregate the fees incurred on the retaliation claim versus the wrongfully withheld wages claim (which was dismissed on directed verdict), because the claims are so inextricably intertwined and arise from the same identical set of facts, i.e., if jury found that Ms. Cook was wrongfully terminated, they would have also found that defendant's willful behavior was also a violation of Washington's Wage and Hour laws in theory. Therefore, the Claims are not mutually exclusive factually and need not be apportioned.

Accordingly, and first most, plaintiff reasonably expended a total of 491.90 hours in litigating this matter at a reasonable hourly rate of $350.00.   *See* Decl. of Robert H. Fulton. Thus, the lodestar figure is 491.90 hours x $350.00 = $172, 165. 00.

Secondly, considering the fee agreement in this matter (*see* Fee Agreement attached to Decl. of Robert H. Fulton), an upward adjustment (or modifier) should be applied to lodestar figure calculated above.  The contingent fee agreement in this matter was calculated at 40% of any award received in this matter. Thus, plaintiff's award is $1,624,588 (Front pay, prejudgment interest, and doubled back pay) – and 40% of this figure is $649,835.00.

Based on this figure, plaintiff requests a lodestar multiplier to account for the difference. Plaintiff seeks a multiplier of 3.7744 for attorney fees totaling $649,750.

**B.    LORI COOK ALSO SEEKS A TAX "GROSS UP" TO MAKE HER WHOLE**.

Pursuant to 3730(h)(1), Lori should receive a Tax " Gross Up" to offset her Federal tax burden from receiving a lump-sum payment in 2015. *See Eshleman v. Agere Systems, Inc.*, 554

PLAINTIFF'S MOTION FOR ATTORNEY FEES & STATUTORY RELIEF  - 4

FULTON LAW PLLC
601 Union St., Suite 4200
Seattle, Washington  98101
Tel:  (206) 652-3260 – Fax:  (206) 629-2184

F.3d 426 (3rd Cir., 2009). The Supreme Court made clear that back pay awards under discrimination statutes are taxable. *See Comm'r of Internal Revenue v. Schleier*, 515 U.S. 323, 115 S.Ct. 2159, 132 L.Ed.2d 294 (1995), modified on other grounds by The Small Business Protection Act of 1996, Pub.L. No. 104-188, § 1605, 110 Stat. 1838; *United States v. Burke*, 504 U.S. 229, 112 S.Ct. 1867, 119 L.Ed.2d 34 (1992), modified on other grounds by The Small Business Protection Act of 1996, Pub.L. No. 104-188, § 1605, 110 Stat. 1838. Further, "backpay awards are taxable in the year paid." *Robinson v. Se. Pa. Transp. Auth.*, 982 F.2d 892, 898 (3d Cir. 1993). Accordingly, Lori will be subjected to higher taxes when she receives her lump sum award in the given year. Put another way, receipt of a lump sum award will lift Lori into a higher tax bracket for that year, meaning she will have a greater tax burden than if she were to have received that same pay in the normal course. To offset that tax burden, Lori requests $181,197.00. *See* Dr. Torelli's Report.

## VI. CONCLUSION.

For the foregoing reasons, Plaintiff Cook's Motion for Attorney Fees and **Statutory Relief** should be granted in its entirety. A proposed order granting this Motion is submitted herewith.

Dated this 1st day of May, 2015.

Respectfully submitted,

**FULTON LAW PLLC**

_____
Robert Fulton, WSBA No. 29277
rfulton@fultonphilip.com
Attorney for plaintiff Lori Cook
601 Union St., Suite 4200

PLAINTIFF'S MOTION FOR ATTORNEY FEES & STATUTORY RELIEF  - 5

FULTON LAW PLLC
601 Union St., Suite 4200
Seattle, Washington  98101
Tel:  (206) 652-3260 – Fax:  (206) 629-2184

Seattle, Washington 98101
Telephone: (206) 652-3260

## DECLARATION OF SERVICE

I hereby declare that on the date provided below I served via email the documents to which this declaration is attached on the following individuals:

Sean Gallagher
1515 Wynkoop, Suite 600
Denver, CO 80202
SGallagher@Polsinelli.com

Jeffery James
SEBRIS BUSTO JAMES
14205 SE 36th Street, Suite 325
Bellevue, Washington 98006
jaj@sebrisbusto.com

I declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

Executed at Seattle, Washington, on May 1st, 2015.

_____
Robert H. Fulton
Attorney for Plaintiff Lori Cook

PLAINTIFF'S MOTION FOR ATTORNEY FEES & STATUTORY RELIEF - 6

FULTON LAW PLLC
601 Union St., Suite 4200
Seattle, Washington 98101
Tel: (206) 652-3260 – Fax: (206) 629-2184



Dr. Paul Torelli
Quantitative Social Science
2600 Second Ave, Suite 2204
Seattle, WA 98121

Mr. Robert Fulton
Fulton Law
601 Union Street, Suite 4200
Seattle, WA 98101

April 16th, 2015

# Postjudgment Calculations: Lost Wages of Lori Cook[1]

Dear Mr. Fulton,

You have requested additional calculations in the Lori Cook matter.  I have performed preliminary calculations of prejudgment interest, postjudgment interest, and Blaney tax consequences.

**Prejudgment Interest**

I understand that prejudgment interest is calculated on the back pay amount of $222,547, from the date of suspension (November 7, 2012) to date of judgment (April 3, 2015) at the prime rate, compounded annually.

The prime rate is currently 3.25%, both according to the Wall Street Journal[2] and Bloomberg.[3]  There were 877 days between November 7, 2012 and April 3, 2015, equivalent to 877/365 = 2.40 years. Therefore, prejudgment interest on back pay equals (1.0325^2.40 - 1) * $222,547 = $17,755.

---

[1] Lori Cook v. Harrison Medical Center, Case No. 3:13-cv-05986, United States District Court, Western District of Washington at Tacoma.
[2] See http://online.wsj.com/mdc/public/page/2_3020-moneyrate.html, last accessed April 9, 2015.
[3] See https://www.bloomberg.com/quote/PRIME:IND, last accessed April 9, 2015.



**Postjudgment Interest**

I understand that postjudgment interest shall be calculated from the date of the entry of the judgment on the full award amount (including prejudgment interest and attorney fees) at the one-year constant maturity Treasury yield rate, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of judgment. According to the Federal Reserve web site, this rate was 0.26% for the week ending March 27, 2015.[4]

Including $939,192 in front pay, 2 * $222,547 = $445,094 in back pay, $222,547 in emotional damages, and $17,755 in prejudgment interest, the total award amount (not including attorney fees or other considerations) comes to $939,192 + $445,094 + $222,547 + $17,755 = $1,624,588.

Therefore, postjudgment interest would be:

- $(1.0026^{(7/365)} - 1) * \$1{,}624{,}588 = \$81$ over the 7 day period following the date of judgment;

- $(1.0026^{(31/365)} - 1) * \$1{,}624{,}588 = \$358$ over the 31 day period following the date of judgment; or

- $(1.0026^{(365/365)} - 1) * \$1{,}624{,}588 = \$4{,}224$ over the 365 day period following the date of judgment.

---

[4] See http://www.federalreserve.gov/releases/h15/current/, last accessed April 9, 2015.



**Blaney Tax Consequences**

"Gross-up" Federal tax consequences in light of *Blaney*[5] are based on redistributing the back pay and front pay award to the year of actual damages, and then calculating the amount that Ms. Cook's tax burden is reduced as compared to receiving the full award in 2015 as a lump-sum.[6]

The jury award was $222,547 for back pay and $939,192 for front pay, which totals $222,547 + $939,192 = $1,161,739. Based on this amount, her 2015 Federal tax burden is $64,998.25 + 39.6% of the amount over $232,425, which is equal to $64,998.25 + 0.396 * ($1,161,739 - $232,425) = $433,007.

Yearly back pay and front pay amounts, taken from trial exhibits, are shown below:

| Year | Lost Compensation | PDV of Lost Compensation |
|---|---|---|
| 2012 | $13,474 | $13,474 |
| 2013 | $93,331 | $93,331 |
| 2014 | $96,971 | $96,971 |
| 2015 | $100,753 | $100,753 |
| 2016 | $104,682 | $101,930 |
| 2017 | $108,765 | $103,121 |
| 2018 | $113,007 | $104,326 |
| 2019 | $117,414 | $105,545 |
| 2020 | $121,993 | $106,779 |
| 2021 | $126,751 | $108,026 |
| 2022 | $131,694 | $109,288 |
| 2023 | $136,830 | $110,565 |
| 2024 | $9,695 | $7,628 |

| | | |
|---|---|---|
| **Back Pay to March 10, 2015:** | $222,547 | $222,547 |
| **Front Pay:** | $1,052,816 | $939,192 |
| **Back Pay Plus Front Pay:** | $1,275,363 | $1,161,740 |

Note that, in order to be consistent with the front pay award amount of $939,192, front pay is stopped in early 2024.

---

[5] Blaney v. Int'l Ass'n of Machinists & Aerospace Workers, 87 P.3d 757 (Wash. 2004).
[6] I utilize Federal tax rate schedules for 2012, 2013, 2014, and 2015 from the IRS web site, referencing Schedule Y-2 ("Married filing separately"), and assume that thereafter, rates stay at the 2015 level. I do not assume any other potential consequences of taxation, such as regarding the Alternative Minimum Tax or adjustments from projected attorney fees.



Based on the lost pay figures from 2012 through 2024, her total Federal tax burden comes to $251,810. Therefore, by receiving the award as a lump-sum in 2015, her tax burden is $433,007 - $251,810 = $181,197 higher than it would be if paid in each year from 2012 through 2024.

If there are any questions, I can be reached by telephone at (206) 384-7072 or via email at torelli@quantitativesocialscience.com.

_____
Dr. Paul A. Torelli
Quantitative Social Science LLC
Seattle, Washington
April 16th, 2015