The Honorable Benjamin H. Settle
Hearing Date: May 22, 2015

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| LORI COOK and RICHARD COOK acting individually and on behalf of their marital community,<br><br>Plaintiff,<br><br>v.<br><br>HARRISON MEDICAL CENTER, a Washington nonprofit corporation,<br><br>Defendant. | Case No. 3:13-cv-05986<br><br>PLAINTIFF'S REPLY TO DEFENDANT'S MOTION TO STRIKE AND MOTION FOR EXTENSION OF TIME |

Plaintiff LORI COOK submits this Reply and Motion for Extension of Time and in support states as follows:

## I.  INTRODUCTION AND REQUESTED RELIEF

Defendant <u>did not oppose Cook's Motion for Statutory Damages nor provide any legal authority to strike Cook's Motion for Statutory Damages as untimely</u>.  Thus, this Court should award Cook's statutory damages based upon the legal authority and evidence

PLAINTIFF'S REPLY AND MOTION FOR
EXTENSION OF TIME-1

submitted by Cook in her motion. Moreover, Cook respectfully moves this Court to grant relief for missing the Attorney Fee deadline for good cause and excusable neglect.

## II. PLAINTIFF'S MOTION FOR STATUTORY DAMAGES SHOULD NOT BE STRICKEN BECAUSE IT IS NOT GOVERNED BY LCR 54(d)

Defendant did not oppose or provide legal authority to strike plaintiff's Motion for Statutory Damages. Accordingly, Cook's statutory damages should be awarded based upon the authority and supporting evidence submitted with her motion. If this Court reasons that defendant has sufficiently moved to strike Cook's Motion for Statutory Damages, it should be denied. As set out by the FCA, its intent is to make the employee whole. 31 U.S.C. § 3730(h) provides for, "2 times the amount of back pay, interest on the back pay, and compensation for any special damages sustained as a result of the discrimination [e.g. Tax Gross up], including litigation costs…" Id. These statutory damages are not governed by LCR 54(d) and its 14 day deadline. Plaintiff's requests for statutory damages are governed by FRCP (e)'s deadline. FRCP 59(e) provides that a party may move to have a court amend its judgment within twenty-eight days after the entry of judgment. Fed. R. Civ. P. 59(e). In general, a Rule 59(e) motion may be granted if:

> (1) such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) such motion is necessary to present newly discovered or previously unavailable evidence; (3) such motion is necessary to prevent manifest injustice; or (4) the amendment is justified by an intervening change in controlling law. *Allstate Ins. Co. v. Herron,* 634 F.3d 1101, 1111 (9th Cir. 2011). A court considering a Rule 59(e) motion is not limited to these four grounds, and may amend under unusual circumstances outside the listed grounds where appropriate. *Id.*

In order to make Cook whole, as set out in the FCA statute, her back pay damages should be doubled and she should be awarded interest on the back pay. In addition, Cook

PLAINTIFF'S REPLY AND MOTION FOR
EXTENSION OF TIME-2

requests a tax gross up. These damages are authorized by statute and should be awarded to Cook. Thus, in order to prevent the manifest injustice of not making Cook whole, if defendant has moved to strike Cook's Motion for Statutory Damages (which they did not), it should be denied. Moreover, if Cook does not receive her statutory damages, it would be a manifest error of law. Accordingly, any perceived motion to strike Cook's Motion for Statutory Damages should be denied.

### III. DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S MOTION FOR ATTORNEY FEES SHOULD BE DENIED

Plaintiff concedes that Cook's motion for attorney's fees, if governed by LCR 54(d) deadline, was tardy. However, plaintiff interpreted 59(e) as the guideline to bring her motions for all FCA statutory damages available to her, including attorney fees and litigation costs. Moreover, in order to bring a motion for attorney fees, plaintiff was required to submit affidavit(s) of the reasonable hourly rates in the prevailing market. The reasonable hourly rate corresponds to the prevailing market rate in the relevant community considering the experience, skill, and reputation of the attorney in question. *Chalmers v. City of L.A.*, 796 F.2d 1205, 1210 (9th Cir. 1986), amended on other grounds, 808 F.2d 1373 (9th Cir. 1987). Plaintiff was not able to obtain said declaration until May 1, 2015. *See* Declaration of Robert H. Fulton in Support of Plaintiff's Reply and Exhibit –A attached thereto.

Thus, if the Court finds that plaintiff's Motion for Attorney's Fees is governed by LCR 54(d), Cook respectfully request that defendant's Motion to Strike be denied because of good cause and excusable neglect. Federal Rule of Civil Procedure 6(b)(1) provides:

> (1) In General. When an act may or must be done within a specified time, the court may, for good cause, extend the time:

PLAINTIFF'S REPLY AND MOTION FOR
EXTENSION OF TIME-3

(A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or
(B) on motion made after the time has expired if the party failed to act because of excusable neglect. *Id.*

This rule, like all the Federal Rules of Civil Procedure, "[is] to be liberally construed to effectuate the general purpose of seeing that cases are tried on the merits." *Rodgers v. Watt*, 722 F.2d 456, 459 (9th Cir.1983) (quoting *Staren v. American Nat'l Bank & Trust Co. of Chicago*, 529 F.2d 1257, 1263 (7th Cir.1976)); see also Fed.R.Civ.P. 1 ("[The Federal Rules] should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding."). "To determine whether a party's failure to meet a deadline constitutes 'excusable neglect,' courts must apply a four-factor equitable test, examining: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1261 (9th Cir. 2010) (*citing Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)).

Accordingly, there is no danger of prejudice to defendant and Cook will agree to allow defendant reasonable time to submit additional argument and/or request billing documents. Moreover, plaintiff's reason for the deadly in of itself demonstrates good faith. Thus, plaintiff moves this Court to accept its late filing for attorney fees as excusable neglect.

PLAINTIFF'S REPLY AND MOTION FOR
EXTENSION OF TIME-4

## V. CONCLUSION

For the foregoing reasons, Cook's Motion for Statutory Damages should be granted as unopposed and at the discretion of this Court. Moreover, Harrison's Motion to Strike Cook's Motion for Attorney Fees should be denied.

DATED this 22nd day of May, 2015.

Respectfully Submitted,

**FULTON LAW PLLC**

By: ___/s/ Robert Fulton_____

Robert Fulton, WSBA No. 29277
rfulton@fultonphilip.com
601 Union St., Suite 4200
Seattle, Washington 98101
Telephone: 206.652.3260
Fax: 206.629.2184
Attorneys for Lori Cook

PLAINTIFF'S REPLY AND MOTION FOR
EXTENSION OF TIME-5

**DECLARATION OF SERVICE**

I hereby declare that on the date provided below I served via email the documents to which this declaration is attached on the following individuals:

>Sean Gallagher
>1515 Wynkoop, Suite 600
>Denver, CO 80202
>SGallagher@Polsinelli.com

>Jeffery James
>SEBRIS BUSTO JAMES
>14205 SE 36th Street, Suite 325
>Bellevue, Washington 98006
>jaj@sebrisbusto.com

I declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

Executed at Seattle, Washington, on May 22nd, 2015.

_____
Robert H. Fulton
Attorney for Plaintiff Lori Cook

PLAINTIFF'S REPLY AND MOTION FOR
EXTENSION OF TIME-6