UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| LORI COOK,<br><br>          Plaintiff,<br><br>    v.<br><br>HARRISON MEDICAL CENTER,<br><br>          Defendant. | CASE NO. C13-5986 BHS<br><br>ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR ATTORNEY FEES |

This matter comes before the Court on Plaintiff Lori Cook's ("Cook") motion for attorney fees (Dkt. 75). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby grants the motion in part and denies it in part as stated herein.

**I. PROCEDURAL HISTORY**

On March 31, 2015, the Court began a four-day jury trial on Cook's claims against Defendant Harrison Medical Center ("Harrison"). Dkt. 57. Cook alleged that Harrison wrongfully terminated her in violation of the False Claims Act ("FCA"), 31 U.S.C.

ORDER - 1

§ 3730(h).  Dkt. 1.  On April 3, 2015, the jury returned a verdict in favor of Cook.  Dkt. 65.

On May 1, 2015, Cook moved for attorney fees.  Dkt. 75.  On May 18, 2015, Harrison moved to strike Cook's motion as untimely.  Dkt. 78.  Alternatively, Harrison requested additional time to conduct discovery regarding Cook's attorney fees.  *Id.*  On July 1, 2015, the Court denied Harrison's motion to strike, but granted Harrison additional time to conduct limited discovery and submit a substantive response.  Dkt. 89.

On August 24, 2015, Harrison filed a response to Cook's motion.  Dkt. 97.  On August 28, 2015, Cook replied.  Dkt. 98.

## II. DISCUSSION

Cook requests $649,750 in attorney fees under the FCA.  Dkt. 75 at 4.  Cook's counsel claims he spent 491.90 hours litigating this matter at an hourly rate of $350 for a lodestar amount of $172,165.  *Id.*  Because Cook's counsel took this case on a contingency basis, Cook asks the Court to apply an upward multiplier of 3.7744 for a total of $649,750.  *Id.*  In response, Harrison argues that Cook's request for attorney fees should be denied or substantially reduced because (1) Cook's counsel failed to keep contemporaneous time records, (2) the reconstructed time entries are inaccurate, and (3) no multiplier is warranted in this case.[1]  Dkt. 97 at 3.

---

[1] Harrison does not challenge Cook's hourly rate.  Dkt. 97 at 3.

ORDER - 2

**A.      Legal Standard**

The FCA provides that a wrongfully discharged employee shall be entitled to "reasonable attorneys' fees." 31 U.S.C. § 3730(h)(2). A district court possesses "considerable discretion" in determining the reasonableness of a fee award. *Webb v. Ada County*, 195 F.3d 524, 527 (9th Cir. 1999). The Court uses the lodestar method to determine whether a fee request is reasonable under a federal fee-shifting statute, such as the FCA. *See Carter v. Caleb Brett LLC*, 757 F.3d 866, 868 (9th Cir. 2014). Under the lodestar method, the Court multiplies the number of hours reasonably expended on the litigation by a reasonable hourly rate. *Id.* The Court "may adjust the lodestar upward or downward using a 'multiplier' based on factors not subsumed in the initial calculation of the lodestar." *Van Gerwen v. Guarantee Mut. Life. Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000). Upward adjustments from the lodestar figure are proper only in "rare" and "exceptional" cases. *Id.*

"The party seeking an award of fees must submit evidence supporting the hours worked and the rates claimed." *Id.* Although contemporaneous records are preferable, a lack of contemporaneous records is not a basis for denying a fee request. *Fischer v. SJB-P.D. Inc.*, 214 F.3d 1115, 1121 (9th Cir. 2000). In the absence of contemporaneous records, "fee requests can be based on reconstructed records developed by reference to litigation files." *Id.* (internal quotation marks omitted). Nevertheless, "[w]here the documentation of hours is inadequate, the district court may reduce the award accordingly." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *see also Fischer*, 214 F.3d at 1121.

**B.     Attorney Fees**

In this case, Cook's counsel concedes that he did not keep contemporaneous time records and reconstructed his time. Dkt. 97, Ex. 1. Although a fee request may be based on reconstructed records, Cook's counsel provides little secondary documentation to support his reconstructed time entries. *See* Dkt. 76, Declaration of Robert Fulton, Exs. 2, 3. Harrison also points to several discrepancies between the reconstructed time entries and the minimal secondary documentation that is available. Dkt. 97 at 6–9.

Cook's counsel puts the Court in the difficult position of guessing what amount of time should be credited out of the total time he essentially estimated in his tissue-thin reconstructed time records. The Court is left to exercise its discretion, rely on its own experience from its years on the bench and as a litigator, and review the likely accuracy of the time claimed. Because Cook's counsel failed to keep contemporaneous time records and overstated his reconstructed time in connection with events that can be checked for accuracy, the Court finds that it should considerably discount the total hours claimed.

The Court accepts Harrison's estimates as to the amount of time Cook's counsel spent attending trial, mediation, and depositions, finding that Harrison's estimates are supported by secondary documentation and therefore more likely accurate. *See* Dkt. 97 at 9; *see also Frank Music Corp. v. Metro-Goldwyn-Mayer, Inc.*, 886 F.2d 1545, 1557 (9th Cir. 1989) ("[Reconstructed] hours should be credited only if reasonable under the circumstances and supported by other evidence such as testimony or secondary documentation."). In light of Harrison's uncontested assertion that the amount of time

Cook's counsel spent attending depositions may be overstated by as much as 40%, *see* Dkt. 97 at 7–8, the Court will reduce the claimed time for all other tasks by 40%. Accordingly, the Court finds that 290.94 hours of attorney time should be compensated at a reasonable hourly rate of $350 for a total lodestar amount of $101,829. This amount is reasonable considering the nature and complexity of this case, which was prepared for and went to trial.

With regard to Cook's request for an upward multiplier, Cook's only justification for the proposed multiplier is that Cook's counsel took the case on a contingency basis. Dkt. 75 at 4. However, "contingency-fee multipliers are unavailable under federal fee-shifting statutes." *Mangold v. Cal. Pub. Utils. Comm'n*, 67 F.3d 1470, 1478 (9th Cir. 1995) (citing *City of Burlington v. Dague*, 505 U.S. 557 (1992)). The Court declines to apply a multiplier in this case.

### III. ORDER

Therefore, it is hereby **ORDERED** that Cook's motion for attorney fees (Dkt. 75) is **GRANTED in part** and **DENIED in part** as stated herein. The Court awards Cook attorney fees in the amount of $101,829.

Dated this 9th day of September, 2015.

BENJAMIN H. SETTLE
United States District Judge